# 95 DTA 63

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I, SAN JUAN
### Panel II SUSTITUTO A

ANGELA RUBIO VDA. DE RIGUAL ET ALS.
Demandantes-Recurridos

v.

JOSE RAFAEL RIGUAL RUBIO ET ALS.
Demandados-Peticionarios

Núm. KLCE-95-00039

San Juan, Puerto Rico, a 21 de abril de 1995.

Panel integrado por su presidente, Juez González Román
y los Jueces Segarra Olivero y Ortiz Carrión

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario Sr. José Rafael Rigual Rubio solicita que se deje sin efecto una resolución del Tribunal de Primera Instancia, Sección Superior Sala de San Juan, en la cual se le impuso el deber de pagar la totalidad de los honorarios de un comisionado especial, durante el trámite de impugnación del informe presentado por el referido comisionado.

El peticionario plantea que ninguna de las partes debe estar obligada a pagar los honorarios del comisionado especial, por las gestiones que efectúe durante el trámite de impugnación de su informe. Antes de dilucidar este planteamiento, conviene hacer una relación de los antecedentes procesales que dieron lugar a la controversia.

**I**

El 10 de junio de 1994 el Tribunal de Primera Instancia, con el consentimiento expreso de las partes y como parte de un acuerdo de transacción designó a Ernst & Young como comisionado especial en el caso de autos para que hiciera un informe de valoración de la corporación Rafael Rigual Inc. En ese momento, las partes acordaron pagar los honorarios del comisionado especial entre ambas. El 31 de agosto de 1994, Ernst & Young sometió su informe de valoración.

El 17 de octubre de 1994, el Sr. Rigual Rubio presentó una moción, en la cual informó que se proponía impugnar el referido informe y solicitó que se ordenara a Ernst & Young a entregarle una serie de documentos utilizados en su preparación.

En respuesta, Ernst & Young solicitó un plazo para producir los documentos solicitados; requirió el pago de los honorarios adeudados por su informe de valoración; y solicitó que se dispusiera quién asumiría el pago de los honorarios por la producción de documentos durante el trámite de impugnación.

El 9 de noviembre de 1994, el Tribunal de Primera Instancia, autorizó el plazo solicitado por Ernst & Young; ordenó a las partes a satisfacer los honorarios adeudados; y determinó que los honorarios adicionales por el trámite de impugnación lo pagarían ambas partes. Inconforme con tal resolución, el Sr. Rigual Rubio solicitó reconsideración, en la cual planteó que Ernst & Young no tiene derecho a solicitar honorarios adicionales, ya que el contrato suscrito entre las partes dispone que éstos no se pagarán cuando haya negligencia crasa, fraude o acto ilícito intencional. Planteó además, que tampoco procede el pago de honorarios adicionales, si el informe no cumple con las normas generalmente aceptadas en la práctica de la contabilidad.

Por otra parte, la Sra. Rubio vda. de Rigual y los demás demandantes recurridos indicaron no tener reparo al informe sometido por Ernst & Young, por lo que cuestionaron su obligación de pagar honorarios por las gestiones relacionadas con la impugnación. El Tribunal acogió este planteamiento de los demandantes, y el 21 de noviembre de 1994 emitió la resolución cuya revisión se solicita, en la cual reconsideró, exoneró a la parte demandante del pago de honorarios por los trámites relacionados con la impugnación del informe, y ordenó al Sr. Rigual Rubio a pagar la totalidad de los honorarios durante el trámite de impugnación.

El Sr. Rigual recurre de esta determinación, plantea que el Tribunal de Primera Instancia erró al imponerle la obligación de satisfacer los gastos y honorarios por el trámite de impugnación, antes de conocer el resultado de la misma. Reitera, que el informe presentado no cumple con las normas generalmente aceptadas en la contabilidad, según dispone el contrato suscrito por las partes. Además, alega que Ernest & Young pudo incurrir en negligencia crasa o acto ilícito intencional, en cuya circunstancia, ninguna de las partes estaría obligada a pagarle honorarios.

## II

El acuerdo de transacción suscrito por las partes establece lo siguiente en cuanto al procedimiento para valorar la Corporación:

*1". Ambas partes escogerán sendos peritos económicos asesores y/o CPA-s que a su vez escogerán un tercer perito quien hará la valorización de la Corporación Rafael Rigual, Inc.*

*2. La valorización que de dicha corporación haga el perito escogido será final, firme y obligatoria para ambas partes en este acuerdo.*

*3. Que ambas partes someterán cada una, un listado de tres posibles peritos tasadores para un total de seis, de los cuales los peritos asesores escogerán el perito que habrá de hacer la mencionada tasación.*

*4. La tasación de la Corporación será hecha por el valor de la misma al momento de la muerte del Sr. Rafael Rigual Camacho.*

*5. Los honorarios de los peritos antes mencionados serán pagados en partes iguales por ambas partes aquí comparecientes.*

*6. La valoración que deberá llevar a cabo el perito seleccionado por las partes deberá cumplir con las normas de contabilidad generalmente reconocidas en la profesión para esa gestión y los cuales será aceptados y adoptados por las partes.*

*7. El informe que rendirá el perito seleccionado deberá cumplir, en derecho, con la gestión que se le ha sido encomendada."*

De este acuerdo surge claramente que ambas partes asumieron la responsabilidad de pagar, en partes iguales, los honorarios del tasador de la Corporación Rafael Rigual, Inc. Surge además, que las partes acordaron que la valorización que hiciera el comisionado especial en su informe sería final, firme y obligatoria para ambas, a menos que el mismo no cumpla con las normas de contabilidad generalmente aceptadas o que no cumpla en derecho con la gestión que se le encomendó.

Por otra parte, el acuerdo suscrito entre las partes y Ernst & Young le impone a éste, la obligación de valorar las acciones de la Corporación Rafael Rigual, Inc., sujeto, entre otros, a los siguientes términos y condiciones:

*"Nuestros honorarios para este trabajo, por los cuales Rigual y Rubio serán igualmente responsables, se facturarán a base de nuestra estructura de honorarios profesionales....*

*Las facturas de Ernst & Young se presentan mensualmente ante este Honorable Tribunal con copia a los abogados de las partes y son pagaderas a su presentación en partes iguales.*

*Además, Rubio y Rigual acuerdan reembolsar a Ernst & Young por cualquier tiempo y gasto razonable (incluyendo gastos legales razonables), incurridos como resultado de y en relación a cualquier testimonio, preparación de testimonio, producción de documentos o representación en procesos legales por o requerido a Ernst & Young, sus socios o empleados (en adelante todos referidos como "Ernst & Young"), que surja como resultado de, o relacionado a, o por razón de los servicios descritos según este acuerdo. Esta cláusula no será aplicable a cualquier acto de negligencia crasa, fraude y/o acto ilícito intencional por parte de Ernst & Young, que en alguna forma surja de, relacionados a o por razón de los actos de Ernst & Young con relación a los servicios descritos en este acuerdo."*

De la lectura de este acuerdo, surge que ambas partes están obligadas, tanto a sufragar los honorarios de Ernst & Young antes de someter el informe; como a sufragar los honorarios por cualquier incidente posterior relacionado con el mismo. De otra parte, del acuerdo se puede inferir que si alguna de las partes demuestra a través de un procedimiento de impugnación que Ernst & Young incurrió en negligencia crasa, fraude o acto ilícito intencional, las partes podrán reclamar el reembolso de los honorarios pagados. De tal modo, mientras el Tribunal de Instancia no determine que Ernst & Young incurrió en negligencia crasa, fraude o acto ilícito intencional, ambas partes están obligadas a sufragar, en partes iguales, los gastos adicionales en que éste incurra, en virtud del acuerdo de servicios profesionales que suscribió con dicha empresa. Sin embargo, ésto no impide que si el Tribunal de Instancia, luego de concluir el trámite de impugnación incoado por el Sr. Rigual Rubio, determinase que esta impugnación fue infundada le pueda ordenar al peticionario que le reembolse a la Sra. Rubio vda. de Rigual y demás demandantes la porción de honorarios que éstos le pagaron a Ernst & Young por este trámite y por no haber respetado el acuerdo de finalidad del informe. Del mismo modo, si la impugnación prospera, el Tribunal podrá ordenarle a Ernst & Young el reembolso de todos los honorarios que le hayan pagado las partes.

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari* y se modifica la resolución cuya revisión se solicita en los términos expuestos en esta Sentencia.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General